## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JENNY POBLANO and NATHAN
BARTLETT, individually and on behalf
of all others similarly situated,

        Plaintiffs,

v.                                Case No. 8:19-cv-265-T-KKM-AAS

RUSSELL CELLULAR INC.,

        Defendant.

_____/

## ORDER

The parties move for the Court to approve a settlement agreement of this collective action brought under the Fair Labor Standards Act (FLSA). (Doc. 107). The parties also ask the Court to stay ruling on the settlement agreement's provision granting service awards to the two named plaintiffs. (Doc. 108); *see also* (Doc. 107-1 at 10).

The Court will not oblige this latter request. As of today, it is blackletter law in the Eleventh Circuit that district courts cannot grant incentive awards to named parties as part of a class-action settlement agreement. *Johnson v. NPAS Sols. Inc.* 975 F.3d 1244 (11th Cir. 2020). Although the mandate has been withheld in *NPAS Solutions*, it remains binding precedent. Indeed, the Eleventh Circuit itself recently applied *NPAS Solutions* notwithstanding that it might rehear the case en banc. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 20-10249, 2021 WL 2250845, at *22 (11th Cir. June 3, 2021) ("It is true that *NPAS Solutions* binds us here.").

The parties misunderstand the significance of withholding mandate, which simply informs the district court that the court of appeals has not yet returned jurisdiction to it. *See, e.g., Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992). Withholding mandate has no bearing, though, on this Court's obligation to apply a panel's decision as binding precedent. *See id.* ("The stay [of mandate] in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by [the panel opinion] as binding authority."). As a result, the withholding of mandate in *NPAS Solutions* will not deter this Court from rejecting a settlement agreement that contains an unlawful provision based on speculation as to whether the Eleventh Circuit might change its precedent. Thus, the motion to stay ruling on service awards is denied.

Nor can the Court approve the settlement by excising the unlawful service-awards provision. The parties' proposed settlement lacks a clear severability provision, unlike the proposed settlement that the Eleventh Circuit addressed in *In re Equifax*. There, the Eleventh Circuit declined to vacate the entire settlement agreement approved by the district court, even though it vacated the portion granting incentive awards. *In re Equifax*, 2021 WL 2250845, at *23. This severance was based on the parties' bargained-for language that unequivocally stated that the agreement should remain in effect even if the district court declined to approve the incentive awards. *Id.* The plaintiffs in that case also filed a motion for settlement approval and a separate motion for attorney's fees, expenses, and incentive awards. *Id.* Further, the motion to approve the settlement agreement was not contingent on the district court approving the separate motion for

incentive awards. *Id.* Finally, the Eleventh Circuit concluded that vacating only the incentive awards was "administratively feasible" on remand. *Id.*

Unlike *In re Equifax*, the service-award provision here includes no express severability provision that the parties intended the agreement to remain in effect if the Court declines to approve the service awards. *Compare* (Doc. 107-1 at 10) *with Lewandowski v. Twins Inn & Aparts., LLC*, No. 8:20-cv-2722-KKM-AAS (June 9, 2021) (Doc. 26-1 at 3) ("Severability. If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect."). Also, the parties filed a single motion for settlement approval—an act suggesting that the service-awards provision might be intrinsic to the settlement. And approving the settlement is not as administratively feasible as the parties submitting a settlement agreement that includes no service-awards provision because that provision is not clearly severable from the agreement. Any inability to file a proposed agreement without the service-awards provision further supports denying their motion because it would show how intrinsic service awards were to settlement.[1]

Ultimately, because the parties' proposed settlement agreement includes a service-awards provision not clearly severable from the agreement, the Court cannot

---

[1] The Court appreciates that *NPAS Solutions* and *In re Equifax* dealt with class actions—not collective actions under the FLSA. Distinctions certainly exist between the two. *See Genesis Healthcare Corp. v, Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). But those distinctions implicate issues of when the class or collective action take on legal independence separate from the named plaintiffs. Quite the opposite here. The reasoning in *NPAS Solutions* is equally, if not more, compelling for the Court to conclude that it applies to collective actions brought under the FLSA.

find that the settlement is a fair and reasonable compromise of bona fide disputes of FLSA claims. *See Lynn's Food Stores Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (Presnell, J). As a result, the Court will deny without prejudice the parties' motion to approve the settlement agreement. *See also Metzler v. Med. Mgmt. Int'l Inc.*, No. 8:19-CV-2289-T-33CPT, 2020 WL 5994537, at *3 (M.D. Fla. Oct. 9, 2020) (Covington, J.) (denying approval of service awards).

The Court also notes that it remains unclear in the proposed settlement where the remaining fund monies will revert after all potential plaintiffs file claims (which is particularly concerning since the parties intend to overcompensate the fund). Given the abiding debate about the lawfulness of Article III courts to permit *cy pres* distributions as a remedy in the class action context, *see Frank v. Gaos*, 139 S. Ct. 1041 (2019); *see also Klier v. Elf Atochem N. Am.*, 658 F.3d 468, 480 (5th Cir. 2011) (Jones, C.J., concurring), the Court will not approve a settlement agreement that purports to create one.

The following is **ORDERED**:

1. The parties' motion to stay ruling on service awards (Doc. 108) is **DENIED**.

2. The parties' motion to approve their FLSA settlement (Doc. 107) is **DENIED without prejudice**.

3. The parties' motion for status conference (Doc. 110) is **DENIED as moot**.

4.    The defendant's motion for summary judgment (Doc. 63) **is DENIED without prejudice**.

5.    The plaintiffs' motion to conditionally certify an FLSA collection action (Doc. 37) is **DENIED without prejudice**.

6.    The defendant's motion for sanctions (Doc. 45) is **DENIED without prejudice**.[2]

**DONE** in Tampa, Florida, on June 10, 2021.

Kathryn Kimball Mizelle
United States District Judge

---

[2] An order dated October 7, 2019, denied as moot the defendant's motion for summary judgment, the plaintiffs' motion for conditional certification, and the defendant's motion for sanctions. (Doc. 82). But that order was later vacated. (Doc. 93). This order rules on all motions pending after the order dated November 1, 2019.