UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNY POBLANO and NATHAN
BATLETT, Individually and on behalf
Of all others similarly situated,

    Plaintiffs,

v.                                   Case No. 8:19-cv-00265-KKM-AAS

RUSSELL CELLULAR, INC.,
A foreign Corporation

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The twenty-one opt in Plaintiffs (Opt In Plaintiffs) request an award of attorney's fees and costs against Russell Cellular, Inc related to their accepted offers of judgment in the amount of $73,500. (Doc. 123). Russell Cellular, Inc. does not oppose entitlement to attorney's fees and costs and does not oppose Opt In Plaintiffs' aggregated reduced fees and costs amount of $73,500. For the reasons below, Opt In Plaintiffs' motion should be granted in part and denied in part. Opt In Plaintiffs should be awarded attorney's fees of $73,500 and costs of $465.00, for a total award of $73,965.00.

I. BACKGROUND

Named Plaintiffs, Jenny Poblano and Nathan Bartlett, filed this lawsuit on January 31, 2019, alleging unpaid wages, liquidated damages, and attorney's fees and costs under FLSA. (Doc. 1, ¶1). Soon after, Opt In Plaintiffs joined the action by filing Consent to Join forms. Named Plaintiffs and Opt In Plaintiffs were employed by Russell Cellular's Verizon-branded wireless stores as salaried, exempt-classified Store Managers.

Russell Cellular denied the allegations in the Complaint and asserted various affirmative defenses. (Doc. 17). As part of the FLSA scheduling order, both parties were required to respond to the court's interrogatories. (Doc. 6). The parties attended mediation in Tampa, Florida on May 1, 2019, but were unable to come to a resolution. (Doc. 30). Trial was set for December 2020. (Doc. 39).

Russell Cellular moved for sanctions against Plaintiffs' counsel for allegedly soliciting class members in the litigation. (Doc. 45). On July 5, 2019, some, but not all, of the Opt In Plaintiffs accepted offers of judgment from Russell Cellular. (Docs. 46-55, 57). Russell Cellular then moved for summary judgment on July 19, 2019, alleging the claims of the Opt In Plaintiffs who did not accept the offer of judgment were moot. (Doc. 63). Plaintiffs responded to

both motions. (Docs. 60, 67). On November 1, 2019, the remaining Opt In Plaintiffs accepted offers of judgment from Russell Cellular. (Docs. 84-92, 94).

Opt In Plaintiffs now request attorney's fees and costs related to their accepted offers of judgment. (Doc. 123). Plaintiff's Motion for Attorney Fees and Costs Associated with Accepted Offers of Judgment remains unopposed by Russell Cellular. The instant unopposed motion does not request attorney's fees and costs with respect to the claims of the Named Plaintiffs and the common fund settlement. Counsel will file a motion for those attorney's fees and costs after the claim period for the common fund settlement.

## II. ANALYSIS

Opt In Plaintiffs request $73,500 in attorney's fees (reducing their overall fees to $3,500 for each of the twenty-one Opt In Plaintiffs that accepted offers of judgment) and $4,191.78 in out-of-pocket costs. Russell Cellular does not dispute these requests.

### A. Entitlement to Attorney's Fees

In considering a motion for attorney's fees, "the threshold issue . . . is always entitlement." *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2017 WL 343905, *2 (M.D. Fla. January 6, 2017). The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides

otherwise. *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quotation and citation omitted). A prevailing plaintiff in a proceeding enforcing 29 U.S.C. 206 (minimum wage) and 207 (overtime) is entitled to reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b). Section 216(b) requires the court to award "a reasonable attorney's fee to be paid by the defendant, and costs of the action." Opt In Plaintiffs are prevailing parties. *See Buckhannon Bd. & Care Home, Inc. v. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (A prevailing plaintiff is "one who has been awarded some relief by the court" and "has prevailed on the merits of at least some of his claims."). Thus, Opt In Plaintiffs have established entitlement to reasonable attorney's fees and costs.

**B. Amount of Attorney's Fees**

The initial burden of proof that the fee is reasonable falls on Opt In Plaintiffs, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Even though Opt In Plaintiffs' motion is unopposed by Russell Cellular, this report still must analyze the reasonableness of the requested attorney's fees.

The starting point for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at 1299. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

> Most or all these factors are subsumed in the calculation of the lodestar:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). The going rate in the community is the most critical

factor in setting the fee rate. *Martin v. Uni. of S. Ala.*, 911 F.2d 604, 610 (11th Cir. 1990).

A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. The court may also use its own expertise and judgment to assess the value of an attorney's services. *Id.* at 1303; Am. *Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003); *Scelta v. Delicatessen Support Servs.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When reducing fees, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *See id.* Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the

essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

This report will address the reasonableness of the hourly rates charged before addressing the reasonableness of the time entries.

### 1. Reasonable Hourly Rate

The court may decide a reasonable rate based on its own expertise and judgment. *Norman*, 836 F.2d at 1303–04. The court looks to the skills, experience, and reputation of the attorneys to determine what comparable lawyers charge for similar services in this locality. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes*, 168 F.3d at 437; *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market is Tampa, Florida.

"An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates." *Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24SPF, 2020 WL 4734929, at *3 (M.D. Fla. Aug. 14, 2020) (citing *Norman*, 836 F.2d at 1299). Opt In Plaintiffs submit a declaration from Attorney Gregg I. Shavitz of the Shavitz Law Group, P.A. (SLG). (Doc. 124). After reviewing his own hourly rates as well as those of other

attorneys and staff at SLG who worked on this case, Attorney Shavitz opined the fees are reasonable. (*Id.* at ¶23).

Attorney Shavitz billed an hourly rate of $600.00 for 87.3 hours, totaling $52,380.00. (*Id.* at ¶25). Attorney Shavitz has been a Florida attorney for over twenty-seven years and has received a multitude of accolades related to his work specializing in unpaid wage litigation involving FLSA and state laws. (*Id.* 6).

Attorney Duignam billed an hourly rate of $550.00 for 18.8 hours, totaling $10,340.00. (*Id.* at ¶25). Attorney Duignam has been a Florida attorney for thirty years and is "of counsel" to SLG, where Attorney Duignam provides litigation support in complex wage and hour actions arising under FLSA and Rule 23. (*Id.* at ¶12).

Attorney Jones billed an hourly rate of $425.00 for 237.7 hours, totaling $101,022.50. (*Id.* at ¶25). Attorney Jones has been practicing law for 17 years, specializing in litigating wage and hour claims. (*Id.* at ¶10).

Attorney Givens billed an hourly rate of $425.00 for 59.7 hours, totaling $25,372.50. (*Id.* at ¶25). Attorney Givens has been a Florida attorney for over eighteen years and specializes in class and collective action litigation. (*Id.* at ¶11). Attorney Givens is a former law clerk to the Honorable James D.

Whittemore, United States District Judge, United States District Court for the Middle District of Florida. (*Id.*).

Paralegals billed an hourly rate of $150.00 for 81.3 hours, totaling $12,195.00. (*Id.* at ¶25).

SLG submits another court's order approving these hourly rates. *See, e.g., Johnson v. Himagine Sols., Inc.*, No. 4:20-CV-00574-SPM, 2021 U.S. Dist. LEXIS 118410, at *22-23 (E.D. Mo. June 25, 2021) (fees sought which included $700 per hour for Gregg Shavitz within reasonable range). However, this court previously found rates between $385-$400 an hour as reasonable for commercial litigators with over fifteen plus years of experience. *See Plum Creek Technology, LLC*, 2020 WL 3317897, at *5 (finding $400 an hour for a partner with seventeen years' experience was reasonable and "consistent with those charged for similar work in this geographic area") report and recommendation adopted, 2020 WL 3288033 (M.D. Fla. June 18, 2020); *Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-cv-3319-T-27AEP, 2020 WL 1512486, at *6 (M.D. Fla. Mar. 30, 2020) (approving attorney's fees of $385 for attorneys with 20-22 years of experience).

In total, counsel for Opt In Plaintiffs recorded $201,310.00 in attorney's fees but request a reduced award of $73,500.00. (*Id.* at ¶22). This represents a 64% reduction in overall fees. (*Id.* at ¶25). Considering Attorney Shavitz's

declaration, SLG's voluntary 64% reduction in overall fees requested, and fee awards in comparable cases, SLG's rates are reasonable.

## 2. Reasonable Hours Expended

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). To prevail in its request for attorney's fees, the moving party should present accurate records that detail the work the attorneys performed. *Id.* Inadequate documentation may reduce the fees requested. *Id.*; *Hensley*, 461 U.S. at 433. The court may also reduce hours it finds excessive or unnecessary. *Rowe*, 472 So. 2d at 1150.

Opt In Plaintiffs request attorney's fees for 484.8 hours collectively billed by Attorneys Shavitz, Duignan, Jones, and Givens, and by paralegals. (Doc. 124, ¶25). Russell Cellular does not object to the number of hours reported in Opt In Plaintiffs' request for fees. Opt In Plaintiffs submitted a Declaration in support of Unopposed Motion for Attorneys' Fees by Attorney Shavitz. (*Id.*) In the Declaration, Attorney Shavitz relies on SLG's experience levels and the complexity of the case to ultimately conclude the hours billed and fee rates are reasonable. (*Id.* at 24-27).

Attorney Shavitz does not state the case is novel, which it is not, nor did

it appear to preclude other employment for the attorneys working on the case because SLG has been retained in other cases during the same time frame. (*Id.* at ¶5). Attorney Shavitz does specify SLG was retained by Opt In Plaintiffs on a contingency basis and thus were not paid by Opt In Plaintiffs for their time or expenses. (*Id.* at ¶28). Attorney Shavitz afforded particular significance to the fact that SLG obtained judgments "represent[ing] 100% of the damages sought" by the Opt in Plaintiffs. (*Id.* at ¶21). Attorney Shavitz also highlighted the motions practice initiated by Russell Cellular, including a motion for sanctions and a motion for summary judgment during settlement negotiations for the Opt In Plaintiffs. (*Id.* at ¶19-20).

Attorney Shavitz did not identify any cases from this district where a similar number of hours were spent on a similar case, but instead maintained that the hours submitted reflect the contested nature of the litigation, the complexity of having multiple Opt In Plaintiffs, and the parties' opposing views as to the merits of the claims. (*Id.* at ¶27).

In reviewing SLG's billing records, SLG exercised billing judgment to prevent duplicative efforts, unnecessary or excessive billing, and extensive time spent on repetitive tasks. This appropriate billing judgment combined with Russell Cellular's failure to object to the number of hours dedicated to the Opt In Plaintiffs' claims merit the conclusion that the hours expended for Opt

11

In Plaintiffs are reasonable.

* * *

Based on a review of the submissions, the requested hourly rate and hours expended are reasonable. The requested award is reasonable, given the attorneys' credentials and experience in this field of law, their voluntary 64% reduction in overall fees, their success in obtaining complete relief for the Opt In Plaintiffs, and Russell Cellular's failure to object to this request. Thus, SLG's request for attorney's fees of **$73,500** should be granted.

### C. Costs

Opt In Plaintiffs also request $4,191.78 in costs. (Doc. 123, p. 8). This sum is comprised of (1) a $400.00 filing fee for the Complaint, (2) $295.00 for service of process, (3) $1,032.78 for travel expenses related to mediation for Plaintiff Poblano and Attorney Shavitz, and (4) $2,464.00 for half of the mediator's fee. Russell Cellular does not oppose the request for costs.

Under Federal Rule of Civil Procedure 54(d), "there is a strong presumption that the prevailing party will be awarded costs." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (internal quotations and citations omitted). Opt In Plaintiffs are entitled to fees and costs under 29 U.S.C. 216(b) as prevailing parties.

However, "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C. § 1920." *Glenn v. General Motors Corp.*, 841 F. 2d 1567, 1575 (11th Cir. 1988). "Whether a cost is compensable is an issue of statutory construction, and the court's authority to tax costs is not expanded simply because the prevailing party's motion for costs is unopposed." *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2018 WL 7982924, at *1 (M.D. Fla. Sept. 28, 2018), *report and recommendation adopted*, 2018 WL 7982925 (M.D. Fla. Oct. 29, 2018). "The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

Opt in Plaintiffs request $400.00 in fees paid to file this action. (Doc. 123, p. 8). Clerk fees are taxable. 28 U.S.C. § 1920(1). At the time of filing, a party instituting a civil action in the Middle District of Florida had to pay a filing fee of $350 and a $50 administrative fee. 28 U.S.C. § 1914; U.S. Dist. Court Middle Dist. of Fla., *Forms, Policies & Publications*, uscourts.gov, http://www.flmd.uscourts.gov/forms/forms_policies.htm (select "Fee Schedule"). Opt In Plaintiffs may recover $400.00 for "filing fee for Complaint."

13

Opt In Plaintiffs request $295.00 in fees for service of process. (Doc. 123, p. 8). Under Section 1920(1), a prevailing party may recover service of process costs for the complaint. *Powell v. Carey Intern., Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. Mar. 12, 2008). Courts can tax costs for private process servers' fees, but such fees should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals Service may charge $65.00 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3). Opt In Plaintiffs are entitled to the cost of service of the summons on Russell Cellular, but it cannot recover more than the statutory maximum of $65.00. Opt In Plaintiffs have not met their burden of demonstrating entitlement to the additional $230.00 in fees. *See Loranger*, 10 F.3d at 784 (requiring the party requesting costs to demonstrate entitlement to such costs). Thus, Opt In Plaintiffs should recover $65.00 for its service of summons on Russell Cellular.

Opt In Plaintiffs request $1,032.78 in travel expenses for Attorney Shavitz and Plaintiff Poblano to attend mediation, and $2,464.00 for Plaintiffs' portion of the mediator's fee. (Doc. 123, p. 8). Opt In Plaintiffs are not entitled to these costs under 28 U.S.C. 1920. *See Glenn*, 841 F. 2d at 1575; *Apple Glenn*

*Investors, L.P. v. Express Scripts, Inc.*, No. 8:14-cv-1527-T-33TGW, 2018 WL 2945629, at *18 (M.D. Fla. May 25, 2018) Travel expenses and mediator fees are not enumerated costs within 28 U.S.C. 1920 and Opt In Plaintiffs have not sufficiently demonstrated entitlement to such costs on any other grounds. Thus, Opt In Plaintiffs are entitled to $465.00 in costs ($400.00 in filing fees and $65.00 in service of process fees).

\* \* \*

Opt In Plaintiffs' requests for costs should be granted in part and denied in part. Opt In Plaintiffs should be allowed to recover **$465.00** for costs associated with this litigation under 28 U.S.C. 1920.

### III. CONCLUSION

As prevailing parties, Opt In Plaintiffs may recover reasonable attorney's fees and costs. It is **RECOMMENDED** that Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs Associated with Accepted Offers of Judgment (Doc. 123) be **GRANTED IN PART** and **DENIED IN PART** and that Opt In Plaintiffs be awarded **$73,500.00** in attorney's fees and **$465.00** in costs, for a total award of **$73,965.00**.

**ENTERED** in Tampa, Florida on January 26, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.