UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNY POBLANO and NATHAN
BARTLETT, individually and on behalf
of all others similarly situated,

      Plaintiffs,

v.                         Case No.: 8:19-cv-00265-KKM-AAS

RUSSELL CELLULAR, INC.,
 a foreign corporation,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

The plaintiffs' counsel requests an award of attorneys' fees and costs under to Federal Rule of Civil Procedure 54 and the Fair Labor Standards Act, 29 U.S.C. § 216 (FLSA). (Doc. 131). Defendant Russell Cellular (Russell Cellular) does not oppose this motion. (*Id.* at p. 4). It is **RECOMMENDED** that the plaintiffs' counsel's motion be **GRANTED IN PART and DENIED IN PART** and the plaintiffs' counsel be awarded $198,333.33 in attorney's fees.

## I.    BACKGROUND

Plaintiffs Jenny Poblano and Nathan Barlett (collectively, named plaintiffs) were employed by Russell Cellular as salaried, exempt classified store managers at wireless stores. (Doc. 1). Named plaintiffs alleged that

1

despite their "manager" characterization, they and other similarly situated store managers were misclassified as exempt and were not paid for overtime hours for work over forty hours per workweek in violation of the FLSA. (*Id.*). Twenty-one more individuals opted into this action (collectively, opt-in plaintiffs).

Russell Cellular denied the plaintiffs' allegations, and asserted various defenses, including that the named and opt-in plaintiffs were exempt under the FLSA. (Doc. 19). The plaintiffs then moved for conditional class certification. (Doc. 37). The plaintiffs requested an order permitting court-supervised notice to all salaried, exempt-classified store managers who worked for Russell Cellular at any location in the United States within the three years preceding the motion. (*Id.*). Russell Cellular opposed the plaintiffs' motion. (Doc. 58).

While the motion for conditional certification was pending, Russell Cellular served offers of judgment on the opt-in plaintiffs, exclusive of attorney's fees and costs. Opt-in plaintiffs accepted the offers of judgment. (Docs. 84–92, 94). The opt-in plaintiffs' moved for attorney's fees costs relating to the accepted offers of judgment and requested an award of $73,500.00 in attorney's fees. (Doc. 123). The court granted the plaintiffs' motion for

2

attorney's fees. (Docs. 127, 129).

The parties stipulated to conditional certification of an FLSA collective class of approximately 217 store managers employed by Russell Cellular who supervised less than two full-time employees between January 31, 2016 and July 10, 2017 (the collective class). (Doc. 106). The parties agreed to the creation of a common fund of $595,000.00, comprised of: (a) $366,666.67 from which the collective class members who submit claims would be compensated; (b) up to one third of the common fund (or $198,333.33) in attorney's fees; (c) reasonable costs and expenses not to exceed $5,000.00; and (d) up to $25,000.00 to compensate the settlement administrator. The parties' agreement provided notice of the settlement would be sent to the collective class allowing them to claim their respective shares of the $366,666.67[1] fund.

The court preliminarily approved the parties' settlement and permitted issuance of settlement notices to the collective class. (Doc. 121). Consistent with the court's order, notice was issued to the collective class members. After the claim period, ninety-eight more collective class members submitted claims.

The plaintiffs' counsel now requests an award of $198,333.33 in attorney's fees and $689.21 in costs and expenses associated with the named

---

[1] The $366,666.67 fund provided 100% of the alleged overtime and liquidated damages.

plaintiffs and the collective class. (Doc. 131). Russell Cellular does not oppose this request. (*Id.* at p. 4).

## II.   ANALYSIS

Section 216(b) of Title 29 of the United States Code authorizes an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce 29 U.S.C. § 206 (minimum wage compensation) and 29 U.S.C. § 207 (overtime compensation). A plaintiff receiving some relief on the merits of her claim is said to have prevailed. *See Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603-04 (2001) (citations omitted). Russell Cellular does not dispute that the plaintiffs are prevailing parties entitled to an award of attorney's fees and also does not dispute plaintiffs are entitled to reasonable costs and expenses.

### A.   Amount of Attorney's Fees

Florida courts use the "lodestar method" in calculating what is a reasonable attorney's fee amount. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151–52 (Fla. 1985)). This "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a

reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, No. 8:13-cv-2290-T-36MAP, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *Rowe*, 472 So. 2d at 1151). "The lodestar amount may then be adjusted to reach a more appropriate fee amount." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV-COHN/SELTZER, 2016 WL 3944033, at *3 (S.D. Fla. Jan. 15, 2016) (citing *Rowe*, 472 So. 2d at 1151).

> Most or all these factors are subsumed in the calculation of the lodestar:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) (citing *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. The court

may also use its own expertise and judgment to assess the value of an attorney's services. *Id.* at 1303; *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cty.*, 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

The plaintiffs' counsel's hours and hourly rates are summarized:

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Gregg Shavitz | 75.2 | $600.00 | $45,120.00 |
| Alan Quiles | 5.1 | $500.00 | $2,550.00 |
| Christine Duignan | 45.1 | $550.00 | $24,805.00 |
| Camar Jones | 292.3 | $425.00 | $124,227.50 |
| Tamra Givens | 29.6 | $425.00 | $12,580.00 |
| Paralegals | 25.7 | $150.00 | $3,855.00 |
| **Total** | **473.00** | | **$213,137.50** |

(*See* Doc. 133).

### 1.   Reasonableness of Hours Expended

The court must first determine the reasonable number of hours the moving party's attorneys expended. *Rowe*, 472 So. 2d at 1150. To prevail in its request for attorney's fees, the moving party should present accurate records that detail the work the attorneys performed. *Id.*

The plaintiffs' counsel attorney's fees for 484.8 hours are collectively

billed by Attorneys Shavitz, Qulies, Duignan, Jones, and Givens, and paralegals at the Shavitz Law Group, P.A. (SLG). (*See* Doc. 133). Attorney Shavitz submitted a declaration supporting the motion for attorney's fees. (Doc. 131-1, ¶¶ 24–27). Attorney Shavitz represented that SLG obtained judgments "represent[ing] 100% of the damages sought." (*Id.* at ¶25). Attorney Shavitz highlighted the labor expended by SLG, which included litigating the motion for conditional certification, negotiation of the settlement, drafting settlement and approval documents, overseeing the administration of the settlement and future settlement payments. (*Id.* at ¶24).

In reviewing SLG's billing records, SLG exercised billing judgment to prevent duplicative efforts, unnecessary or excessive billing, and extensive time spent on repetitive tasks. This billing judgment combined with Russell Cellular's lack of objection to the number of hours dedicated to the plaintiffs' claims supports that the hours expended are reasonable.

### 2.     Reasonableness of Hourly Rates

"The second part of the lodestar equation requires the court to determine a reasonable hourly rate for the services of the prevailing party's counsel." *Pawloski*, 2014 WL 3887513, at *2; *see also Rowe*, 472 So. 2d at 1150–51 (discussing factors relevant to the hourly rate evaluation). The court may

7

decide a reasonable rate based on its own expertise and judgment. *Norman*, 836 F.2d at 1303–04. The court looks to the skills, experience, and reputation of the attorneys to determine what comparable lawyers charge for similar services in this locality. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes*, 168 F.3d at 437; *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market is Tampa, Florida.

After reviewing Attorney Shavitz's hourly rates and those of other attorneys and staff at SLG who worked on this case, the fees are reasonable. (*Id.* at ¶26). Attorney Shavitz billed an hourly rate of $600.00 for 75.2 hours, totaling $45,120.00. (*Id.*). Attorney Shavitz has been a Florida attorney for over twenty-seven years and has received various accolades related to his work specializing in unpaid wage litigation involving FLSA and state laws. (*Id.* at ¶6).

Attorney Duignam billed an hourly rate of $550.00 for 45.1 hours, totaling $24,805.00. (*Id.* at ¶26). Attorney Duignam has been a Florida attorney for thirty years and is "of counsel" to SLG, where Attorney Duignam

provides litigation support in complex wage and hour actions arising under the FLSA. (*Id.* at ¶13).

Attorney Jones billed an hourly rate of $425.00 for 292.3 hours, totaling $124,227.50. (*Id.* at ¶26). Attorney Jones has been practicing law for eighteen years, specializing in litigating wage and hour claims. (*Id.* at ¶10). Attorney Jones received accolades related to his work involving FLSA and state laws. (*Id.*).

Attorney Quiles billed an hourly rate of $500.00 for 5.1 hours, totaling $2,550.00. (*Id.* at ¶26). Attorney Quiles focuses his practice on employment law, specifically in the recovery of unpaid wages, overtime, and minimum wages. (*Id.* at ¶11). He has twenty-six years of legal experience and has represented various employees and employers in employment claims in State and Federal Courts. (*Id.*).

Attorney Givens billed an hourly rate of $425.00 for 29.6 hours, totaling $12,580.00. (*Id.* at ¶26). Attorney Givens has been a Florida attorney for over eighteen years and specializes in class and collective action litigation. (*Id.* at ¶12).

Paralegals billed an hourly rate of $150.00 for 25.7 hours, totaling $3,855.00. (*Id.* at ¶26).

Since the inception of this action, the plaintiffs' incurred over $400,000.00 in attorneys' fees—$201,310.00 related to the claims of the opt-in plaintiffs and $213,137.50 related to the claims of the named plaintiffs and the collective class. The amount of $73,500.00 was awarded to the plaintiffs' counsel as attorney's fees relating to the opt-in plaintiffs (Doc. 129), and now $198,333.33 (representing one third of the common fund) is requested relating to the representation of the named plaintiffs and the collective class.[2]

In terms of the percentage of the common fund, he fees sought here are consistent with fees typically awarded in similar cases. *See Moultry v. Cemex, Inc.*, No. 8:07-cv-00453-MSS, 2008 WL 1743484 (M.D. Fla. 2008) (awarding 32.25% of common fund as attorney's fees); *Lunsford v. Woodforest Nat'l Bank*, No. 1:12-cv-103-CAP, 2014 WL 12740375, at *11 (N.D. Ga. May 19, 2014) (finding award of fees at one-third of common fund "falls within this accepted range and is in accord with this court's prior fee rulings.") *see also Waters v. International Precious Metals Corp.*, 190 F.3d 1291, 1297-98 (11th Cir. 1999) (affirming fee award of 33.33% on settlement).

The requested award is reasonable, given the attorneys' credentials and experience in this field of law, their voluntary 35% reduction, their success in

---

[2] Having incurred $414,447.50 in attorney's fees, the attorney's fee request is discounted by 35%.

10

obtaining complete relief for the plaintiffs, and Russell Cellular's lack of objection to this request. Thus, the plaintiff's counsel's request for attorney's fees of **$198,333.33** should be granted.

## B.     Costs and Expenses

The plaintiffs' counsel also request $689.21 in costs, representing $237.50 in copy fees and $451.71 in travel expenses. (Doc. 131, p. 13). Russell Cellular does not oppose this request.

Under Federal Rule of Civil Procedure 54(d), "there is a strong presumption that the prevailing party will be awarded costs." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (internal quotations and citations omitted). However, "nothing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C. § 1920." *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). "Whether a cost is compensable is an issue of statutory construction, and the court's authority to tax costs is not expanded simply because the prevailing party's motion for costs is unopposed." *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2018 WL 7982924, at *1 (M.D. Fla. Sept. 28, 2018). "The party seeking an award of costs or expenses bears the burden of

submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." *Loranger v. Stierham*, 10 F.3d 776, 784 (11th Cir. 1994).

Travel expenses are not enumerated costs within 28 U.S.C. 1920 and the plaintiffs' counsel has not sufficiently demonstrated entitlement to the amount sought. While the costs of "making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable, the plaintiffs' counsel provided no documentation or other representation for the court's consideration. Thus, the plaintiffs' counsel's request for reimbursement of copying costs and travel expenses should be denied.

## III.  CONCLUSION

For the reasons stated, it is **RECOMMENDED** that Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs (Doc. 131) be **GRANTED IN PART** and **DENIED IN PART** and the plaintiffs' counsel be awarded **$198,333.33** in attorney's fees.

**ENTERED** in Tampa, Florida, on June 14, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.